UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRUMAN DEHAEMERS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL W. WYNNE )<br>Secretary, United States Department )<br>of the Air Force, )<br>)<br>Defendant. )<br>) | Civil Action No. 07-0658 (CKK) |

ANSWER

Defendant Michael W. Wynne, Secretary of the U.S. Department of the Air Force, through undersigned counsel, hereby answer the complaint in this case as follows:

FIRST DEFENSE

Defendant avers that the Air Force has not violated the Privacy Act, 5 U.S.C. § 552a, which permits disclosure of records contained in a system of records to those officers and employees of the agency which maintains the record who have a need for the record in the performance of their duties without the prior written consent of the individual to whom the record pertains.

SECOND DEFENSE

Answering the numbered and unnumbered paragraphs of the complaint, the defendant states as follows:

1. This paragraph consists of plaintiffs' characterization of this action, which does not require an answer, but insofar as an answer may be deemed required, the paragraph is denied.

## JURISDICTION, VENUE, AND PARTIES

2. This paragraph consists of plaintiff's characterization of jurisdiction in this matter and a conclusion of law, which does not require an answer, but insofar as an answer may be deemed required, the paragraph is denied.

3. This paragraph consists plaintiff's statement of venue and a conclusion of law, which does not require an answer, but insofar as an answer may be deemed required, the paragraph is denied.

4. This paragraph is admitted except to the extent that it avers plaintiff is a GS-14 employee. Defendant avers that plaintiff is a YA-03 employee in the National Security Personnel System (NSPS).

5. To the extent the first sentence of this paragraph avers the Honorable Michael W. Wynne is the Secretary of the Air Force, it is admitted. The remainder of the first sentence of this paragraph consists of conclusions of law, which do not require an answer, but insofar as an answer may be deemed required, the remainder of the first sentence of this paragraph is denied. The second sentence of this paragraph is admitted. The third sentence of this paragraph consists of conclusions of law, which do not require an answer, but insofar as an answer may be deemed required, the remainder of the third sentence of this paragraph is denied.

## FACTS:

6. To the extent this paragraph refers to the records described in Privacy Act System of Records Notice OPM/GOVT-1, General Personnel Records, it is admitted. Except to that extent the paragraph is denied. To the extent this paragraph avers all documents referred to elsewhere in the Complaint are records or are part of a system of records, the paragraph is denied.

7. This paragraph consists of a conclusion of law, which does not require an answer, but insofar as an answer may be deemed required, the paragraph is denied.

8. Admitted.

9. Admitted.

10. Denied.

11. Defendant admits in October 2005 plaintiff was given a notice of intent to impose a written reprimand for his conduct in the workplace. Except to that extent the first sentence of this paragraph is denied. To the extent the second sentence of this paragraph avers Ms Brenda Biggs witnessed plaintiff's conduct in the workplace that prompted the notice of intent to impose a written reprimand, the sentence is admitted. To the extent the second sentence of this paragraph avers plaintiff criticized Ms Biggs' work at some time, the sentence is admitted. Except as specifically admitted, the second sentence of this paragraph is denied.

12. Admitted.

13. To the extent the first sentence of this paragraph refers to the inquiry by the EEO Counselor responsible for plaintiff's organization during the informal stage of the EEO process, the sentence is admitted. To the extent the first sentence of this paragraph refers to the investigation by the Department of Defense Civilian Personnel Management Service, Office of Complaint Investigations, the sentence is admitted. The second and third sentences of this paragraph are plaintiff's characterization of his EEO complaint Exhibit 2 to the Complaint before the Court. The Court is respectfully referred to Exhibit 2 to plaintiff's Complaint for a full and complete description of its contents.

14. Admitted to the extent that this paragraph avers a report of investigation was prepared by an investigator from the Department of Defense Civilian Personnel Management

Service, Office of Complaint Investigations (now known as the Investigations and Resolutions Division (IRD)), avers the report of investigation reflected plaintiff's assertion in his EEO complaint (Exhibit 2 to the Complaint) that he suffers from Dysthymic Disorder, avers the report of investigation reflected a medical report dated January 22, 1997, that contained a diagnostic impression of Dysthymic Disorder and Obsessive-Compulsive Personality (Provisional), avers the report of investigation reflected plaintiff's assertion in an electronic mail message dated December 12 2005, that he was seeing a psychiatrist for depression, and avers the report of investigation reflected plaintiff told the EEO counselor in connection with the informal stage of processing his complaint that he was then taking unspecified medication and would then have to increase it.  Except to the extent admitted, this paragraph is denied.

15.  To the extent the first sentence of this paragraph avers that on June 21, 2006, the Department of Defense Civilian Personnel Management Service, Office of Complaint Investigations Investigator ordered the parties to the investigative process to submit copies of any "documents not previously submitted that are relevant to the resolution of [the] complaint," the sentence is admitted.  Except as admitted, this paragraph is denied.  Defendant denies plaintiff submitted any documents to the investigator in response to the order.  Defendant admits plaintiff had furnished his immediate supervisor a copy of a medical report dated January 22, 1997, at some time prior to plaintiff's EEO complaint and avers that the plaintiff's supervisor had returned the copy to plaintiff prior to the complaint.

16.  This paragraph consists of plaintiff's characterization of the Rehabilitation Act and regulation published pursuant to Rehabilitation Act and a conclusion of law, which do not require an answer, but insofar as an answer may be deemed required, the paragraph is denied.

17. To the extent the first sentence of this paragraph avers the memorandum from the Department of Defense Civilian Personnel Management Service, Office of Complaint Investigations forwarding the investigative file to the Air Force Civilian Appellate Review Office dated October 12, 2006, states that the investigative file is covered by the Privacy Act, the sentence is admitted. To the extent the first sentence of this paragraph avers the cover of the investigative file states that all information contained in the file is protected by the Privacy Act, the sentence is admitted. Except as specifically admitted, ht paragraph is denied.

18. First sentence: Deny. The Agency EEO investigator completed her Report of Investigation on October 5, 2006. To the extent the first sentence of this paragraph avers the memorandum from the Department of Defense Civilian Personnel Management Service, Office of Complaint Investigations forwarding the investigative file to the Air Force Civilian Appellate Review Office is dated October 12, 2006, the sentence is admitted. Except to that extent, the first sentence of this paragraph is denied. To the extent the second sentence of this paragraph avers plaintiff engaged in discovery in connection with the administrative EEO process that included depositions of plaintiff's supervisors as of the time of the conduct giving rise to the written reprimand and depositions of plaintiff's co-workers and subordinates, admitted as to supervisors and co-workers, denied as to subordinates.

19. Denied.

20. Denied.

### COUNT ONE:  VIOLATION OF THE PRIVACY ACT: UNLAWFUL DISSEMINATION OF THE PLAINTIFF'S CONFIDENTIAL MEDICAL RECPRDS BY NATALEE HAFFNER, KAY F. COLE

21. Defendant hereby incorporates the prior paragraphs herein by reference.

22. To the extent the first sentence of this paragraph avers Natalee M. Haffner was an investigator from the Department of Defense Civilian Personnel Management Service, Office of Complaint Investigations, it is admitted. Except to that extent, the first sentence of this paragraph is denied. The second sentence of this paragraph is plaintiff's characterization of 29 C.F.R. § 1614.108(c)(1), which requires no answer. Defendant respectfully refers this court to the referenced section of the Code of Federal Regulations for a complete and accurate description of its provisions.

23. Denied.

24. To the extent the first sentence of this paragraph avers Kay F. Coles is employed by the Department of Defense Civilian Personnel Management Service, Investigations and Resolutions Division as the Director of Operations, Air Force Component, the sentence is admitted. Except as admitted, the sentence and the remainder of the paragraph are denied.

25. Denied.

26. Denied.

27. To the extent this paragraph avers the nine-page report of investigation was included in a 268-page investigative file, it is admitted. To the extent that plaintiff is averring that defendant released sensitive and Privacy Act-protected medical information.

28. Defendant admits the Department of Defense Civilian Personnel Management Service, Office of Complaint Investigations memorandum forwarding the investigative file to the Air Force Civilian Appellate Review Office, Exhibit 1 to the Complaint, contains the quoted language. Except as admitted this paragraph is denied.

29. Defendant admits the report of investigation contained information concerning plaintiff's physical and mental health. Defendant denies the report of investigation contained

plaintiff's formal Complaint of Discrimination in the Federal Government, Exhibit 2 to the Complaint, and avers it was Exhibit A in the investigative file attached to the report of investigation

30. Denied.

31. Denied.

32. Denied.

33. Denied.

### COUNT TWO:
### UNLAWFUL DISSEMINATION OF PLAINTIFF'S
### PRIVACY ACT PROTECTED MATERIALS BY MICHAEL BARBINO

34. Defendant incorporates the prior paragraphs herein by reference.

35. The first sentence of this paragraph is denied. The second sentence of this paragraph is admitted.

36. This paragraph consists of a conclusion of law, which does not require an answer, but insofar as an answer may be deemed required, the paragraph is denied.

37. To the extent this paragraph avers Mr. Barbino distributed the report of investigation and investigative file to Ms Brenda Biggs, Capt Adam M Cook, Ms Deborah Jeffries, Mr. Gerald Kleeman, Ms Cathy Novel, and Mr. Robert L Shelby at 12.21 p.m., Eastern Standard Time on February 6, 2007, it is admitted. Except as admitted, this paragraph is denied.

38. Denied.

39. Denied.

40. To the extent this paragraph avers Mr. Barbino distributed the report of investigation and investigative file to provide Ms Biggs, Ms Jeffries, Mr. Kleeman, Ms Novel, and Mr. Shelby

copies of the declarations they had provided to Ms Haffner, it is admitted. Except as admitted, this paragraph is denied.

41. To the extent this paragraph avers Mr. Barbino arranged a meeting on February 6, 2007, attended by Ms Biggs, Ms Jeffries, Mr. Kleeman, Ms Novel, and himself so that Capt Cook could explain the purpose and significance of depositions to them, it is admitted. Except as admitted, this paragraph is denied.

42a.- f.  To the extent this paragraph avers Mr. Barbino distributed the report of investigation and investigative file to provide Ms Biggs, Capt Cook , Ms Jeffries, Mr. Kleeman, Ms Novel, and Mr. Shelby copies of the declarations they had provided to Ms Haffner, it is admitted. Except as admitted, this paragraph is denied.

43. Admitted.

44. Denied.

45. To the extent the first phrase of the sentence comprising this paragraph avers Ms Jeffries testified during a deposition in connection with the EEO proceeding that Mr. Barbino forwarded a copy of the report of investigation and investigative file to her at some time prior to February 6, 2007, the phrase is admitted. The second phrase of the sentence comprising this paragraph consists of a conclusion of law, which does not require an answer, but insofar as an answer may be deemed required, the phrase is denied. Except as admitted, this paragraph is denied.

46. Denied.

47. Denied.

48. Denied.

49. Defendant admits Capt Cook did not notify plaintiff or Mr. Byrnes of Mr. Barbino's February 6, 2007, electronic mail message distributing the report of investigation and investigative file to provide Ms Biggs, Ms Jeffries, Mr. Kleeman, Ms Novel, Mr. Shelby, and himself.  Except as admitted, this paragraph is denied.

50. Admitted.

51. Denied.

52. Denied.

**COUNT THREE:**
**MAINTAINANCE OF SEPARATE PERSONNEL FILE ON THE PLAINTIFF**

53. Defendant incorporates the prior paragraphs herein by reference.

54. This paragraph consists of plaintiff's characterization of the Privacy Act, which does not require an answer, but insofar as an answer may be deemed required, the paragraph is denied.

55. Denied.

56. To the extent this paragraph avers Ms Jeffries was noticed for a deposition in the administrative EEO proceeding, the paragraph is admitted.  Except as admitted, this paragraph is denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. First Sentence:  Admitted that Ms. Jeffries' actions were not malicious.  Denied that she lacked training and guidance under the Privacy Act.   Second Sentence:  Denied.

62. Denied.

### COUNT FOUR:  BARBINO MAINTAINANCE[SIC] OF SEPARATE PERSONNEL FILE ON THE PLAINTIFF

63. Defendant incorporates the prior paragraphs herein by reference.

64. Defendant admits Exhibit 3 attached to the Complaint is Mr. Barbino's August 24, 2005, Memorandum for Record concerning plaintiff's behavior.  Defendant admits Exhibit 3 was based in part on information provided to Mr. Barbino by Ms. Biggs.  Defendant admits Ms Biggs created personal notes concerning plaintiff's behavior.  Except as specifically admitted this paragraph is denied.

65. Defendant admits only Mr. Barbino does not exercise command authority over Ms Biggs or plaintiff.  Except as specifically admitted this paragraph is denied.

66. First sentence:  Admitted.   Second Sentence:  Defendant admits that the subject memorandum was written in August, however, he is without sufficient information to admit or deny the exact date upon which it was submitted to the Agency Civilian personnel department.

67. Denied.

68. Defendant admits only that the memorandum contained information concerning what plaintiff characterized as his doctors views on his outbursts.

69. Defendant avers that the best evidence of the testimony of Ms. Novel is the deposition testimony itself.  The Court is respectfully referred to that testimony for a true and accurate accounting of the evidence.

70. To the extent that this paragraph avers that Mr. Barbino's personal notes are not in a Privacy Act system of records the paragraph is admitted.  Except as specifically admitted this paragraph is denied.

71. Defendant admits Mr. Barbino retained a copy of his memorandum for record, which he keeps in his desk.  Except as specifically admitted this paragraph is denied.

72. This paragraph consists of a conclusion of law, which does not require an answer, but insofar as an answer may be deemed required, the paragraph is denied.

73. Denied.

## COUNT SIX:
## MS. NOVEL'S SEPARATE PERSONNEL FILE ON THE PLAINTIFF

74. Defendant incorporates the prior paragraphs herein by reference.

77.[sic]  Denied.

78. To the extent that this paragraph avers that Ms Novel retained a copy of Mr. Barbino's August 24, 2005, Memorandum for Record concerning plaintiff's behavior and keeps it in her desk, the paragraph is admitted.  Except as specifically admitted this paragraph is denied.

79. Denied.

80. Denied, however, to the extent that this paragraph avers that Ms Novel's personal notes are not in a Privacy Act system of records the paragraph is admitted.

81. Admitted to the extent that this paragraph avers that Ms Novel's personal notes are not in a Privacy Act system of records the paragraph.  Except as specifically admitted this paragraph is denied.

82. Denied.

83. Denied.

84. To the extent that this paragraph avers that Ms Novel keeps personal notes in her desk, the paragraph is admitted.  Except as specifically admitted this paragraph is denied.

85. This paragraph consists of a conclusion of law, which does not require an answer, but insofar as an answer may be deemed required, the paragraph is denied.

86. Denied.

## COUNT SEVEN:
## MS. BIGGS' SEPARATE PERSONNEL FILE ON THE PLAINTIFF

87. Defendant incorporates the prior paragraphs herein by reference.

88. Defendant avers that the deposition testimony of Ms. Biggs is the best evidence of its content. To the extent this paragraph avers Ms Biggs maintained personal notes concerning plaintiff's conduct in the workplace and her responses to his conduct, the paragraph is admitted. Defendant denies Ms Biggs maintained "a separate personnel file" concerning plaintiff. Except as specifically admitted this paragraph is denied.

89. To the extent this paragraph avers Ms Biggs maintained personal notes on her computer concerning plaintiff's conduct in the workplace and her responses to his conduct, the paragraph is admitted. Except as specifically admitted this paragraph is denied.

90. Denied.

91. Denied.

92. Denied.

93. First sentence: Admitted. Second sentence, to the extent this paragraph avers Exhibit 4 to the Complaint contains 23 entries and that this information is retrievable by using plaintiff's name, admitted. Except as specifically admitted this paragraph is denied.

94. Denied.

95. Denied.

96. Defendant admits Ms Biggs prepared a Memorandum for Record dated April 11, 2006, concerning a discussion with Jerry Kleeman.  Second sentence:  Defendant denies Ms Biggs maintained "a separate personnel file" concerning plaintiff.  Except as specifically admitted this paragraph is denied.

99.[sic]  Denied.

100.  Admitted that plaintiff is qualified, but denied that plaintiff was Ms. Biggs' supervisor.

101.  Denied.

102.  Denied.

103.  Denied.

104.  Denied.

105.  Denied.

## COUNT EIGHT:
## FAILURE TO PROVIDE RECORDS

106.  Defendant incorporates the prior paragraphs herein by reference.

107.  Defendant admits Exhibit 6 to the Complaint is a Privacy Act request dated March 21, 2006, apparently signed by plaintiff.  Except as specifically admitted this paragraph is denied.

108.  Defendant denies receiving a Privacy Act request dated March 21, 2006, from plaintiff.

109.  Defendant denies receiving a Privacy Act request dated March 21, 2006, from plaintiff.

110. This paragraph consists of a conclusion of law, which does not require an answer, but insofar as an answer may be deemed required, the paragraph is denied. Defendant specifically denies receiving a Privacy Act request dated March 21, 2006, from plaintiff. Defendant further specifically denies Ms Biggs, Ms Novel, Mr. Barbino, or Ms Jeffries maintained "separate personnel files" concerning plaintiff.

111. Denied. Defendant specifically denies receiving a Privacy Act request dated March 21, 2006, from plaintiff.

112. Denied. Defendant specifically denies receiving a Privacy Act request dated March 21, 2006, from plaintiff.

113. Denied.

## COUNT NINE: FAILURE TO MAINTAIN RECORDS

114. Defendant hereby incorporates the prior paragraphs herein by reference.

115. Denied as Ms. Biggs' never had custody of plaintiff's personnel files.

116. Denied.

117. To the extent this paragraph avers the employee work folder relating to plaintiff was maintained in a folder rather than electronically, on microfiche, or in some other format referred to in System Notice OPM/GOVT-1, the paragraph is admitted. Except as specifically admitted, the paragraph is denied.

118. Denied.

119. Denied.

120. Denied.

**RELIEF REQUESTED**

The remainder of the complaint contains plaintiff's prayer for relief to which no response is required. However, defendant denies that plaintiff is entitled to the relief sought or to any relief whatsoever.

Having fully answered, defendant respectfully requests that this action be dismissed with prejudice and that defendant be granted such other relief as the Court deems appropriate.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
ASSISTANT UNITED STATES ATTORNEY
Office of the U.S. Attorney - District f Columbia
Civil Division
501 3rd Street, 4th Floor
Washington, D.C. 20001
(202) 514-7137