**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **TRUMAN DEHAEMERS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 07-0658 (CKK)** |
| ) | |
| **MICHAEL W. WYNNE** ) | |
| **Secretary, United States Department** ) | |
| **of the Air Force,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

## DEFENDANTS' OPPOSITION TO MOTION TO ALLOW PLAINTIFF TO AMEND COMPLAINT

For the reasons set forth below, defendant respectfully opposes the motion to allow

Plaintiff to amend his complaint pursuant to Federal Rule of Civil Procedure 15. Plaintiff is

seeking to add allegations under the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq.; the

Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 633a, et seq.; and Title

VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, et seq. Accordingly,

amending the complaint to add these improperly venued claims would be futile.

## I. FACTS

In his amended complaint, Plaintiff states that he is a resident of Virginia. See Amended

Complaint at 2. He also alleges that at all times relevant to the Amended Complaint, he worked

in Arlington, Virginia. See id. at 3.

The principle offices of the Defendant, Michael W. Wynne, and the Air Force Audit Agency are located in the Pentagon, which is physically located in Arlington, Virginia.[1]  Plaintiff works in Arlington, Virginia.  Attachment 1, hereto.  The personnel and other records relating to the aforementioned events or omissions giving rise to the claim would be located in Virginia.  Id. All indicia point to proper venue in the Eastern District of Virginia for the allegations plaintiff seeks to have added.

## II.  RELEVANT LAW

Plaintiff attempts to establish venue for the amended allegations in this court by citing 5 U.S.C. § 552a(g)(5) and 28 U.S.C. § 1391(b).  However, neither these statutes, nor others authorize these actions to be brought in this district.

First, the Title VII specific venue rules govern the amended allegations: "The appropriate standard for determining venue in Title VII cases is not the general venue statute, 28 U.S.C. § 1391, but rather the venue provision contained in 42 U.S.C. § 2000e-5(f)(3)." Jyachosky v. Winter, 2006 U.S. Dist. LEXIS 44399, 4-5 (D.D.C. 2006)  (citing Stebbins v. State Farm Mut. Ins. Co., 413 F.2d 1100, 1102 (D.C. Cir. 1969); Quarles v. Gen. Inv. & Dev. Co., 260 F. Supp. 2d 1, 8 (D.D.C. 2003); Darby v. United States Dep't of Energy, 231 F. Supp. 2d 274, 277 (D.D.C. 2002)).

The Title VII specific venue provision states:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this title [42 USCS §§ 2000e et seq.]. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the

---

[1] While the Pentagon does have a Washington D.C. mailing address, it is physically located in Arlington, Virginia.

> employment records relevant to such practice are maintained and
> administered, or in the judicial district in which the aggrieved
> person would have worked but for the alleged unlawful
> employment practice, but if the respondent is not found within any
> such district, such an action may be brought within the judicial
> district in which the respondent has his principal office. For
> purposes of sections 1404 and 1406 of title 28 of the United States
> Code, the judicial district in which the respondent has his principal
> office shall in all cases be considered a district in which the action
> might have been brought.

42 U.S.C.S. § 2000e-5(f)(3).[2]

Basically, "this statute reflects 'the intent of Congress to limit venue to the judicial

district concerned with the alleged discrimination ...'" Ramirez v. England, 2002 U.S. Dist.

LEXIS 26574, 2 (D.D.C. 2002) (quoting Stebbins v. State Farm Mut. Ins. Co., 413 F.2d at 1102).

When the events in question take place in Virginia, the records are located in Virginia, and the

Plaintiff works in Virginia, then the venue belongs in Virginia.  See Chance v. Dewitt Army

Community Center et al., 2002 U.S. Dist. LEXIS 10575 (D.D.C. 2002).

Plaintiff cites the general venue statute, 28 U.S.C. §1391.  Although this venue statute

does not apply to actions brought under Title VII or the Rehabilitation Act [see supra], it does

apply to the actions brought under the ADEA. In re Anna M. O'Leska, 2000 WL 1946653 (D.C.

Cir. 2000) (citing Rebar v. Marsh, 959 F.2d 216 (11th Cir. 1992)).   Under the general venue

statute, actions against an officer or employee of the United States acting in his official capacity

may be brought where (1) a defendant in the action resides, (2) a substantial part of the events

giving rise to the claim arose, or (3) the plaintiff resides. 28 U.S.C.S. § 1391(e).

The fact that the Defendant's office has a Washington, D.C., mailing address does not

---

[2] The venue provisions of Title VII also apply to a Rehabilitation Act claim.  See Bolar v. Frank,
938 F.2d 377, 379 (2nd Cir. 1991) (citing inter alia Archuleta v. Sullivan, 725 F.Supp. 602, 604
(D.D.C. 1989)).

have any legal significance in this case.  First, the Pentagon office is physically located in

Arlington, Virginia.  In a suit brought under the ADEA,[3] the District Court for the District of

Columbia refused to move venue based on the mailing address for the Secretary of the Army:

> The secretary of the Army resides in Arlington, VA. <u>See</u> <u>Chance v.</u>
> <u>Dewitt Army Cmty Ctr.</u>, 2002 U.S. Dist. LEXIS 10575, 2002 WL
> 1025029, *1 (D.D.C. Jan. 28, 2002) (noting that the Secretary of
> the Army is located at the Pentagon in Virginia for venue
> purposes); <u>Donnell v. Nat'l Guard Bureau</u>, 568 F. Supp. 93, 94-95
> (D.D.C. 1983) (notwithstanding a District of Columbia mailing
> address, the National Guard Bureau is located at the Pentagon in
> Virginia). Furthermore, none of the events giving rise to plaintiffs
> claims occurred in Washington, DC, and plaintiff does not reside
> in the District.

<u>Saran v. Harvey</u>, 2005 U.S. Dist. LEXIS 8908 (D.D.C. 2005).  See <u>also</u> <u>Taylor v. Rumsfeld</u>,

2006 U.S. Dist. LEXIS 5270 (S.D. Tex. 2006) (holding in part that records maintained at the

Pentagon establish venue in the Eastern District of Virginia.). The same considerations in <u>Saran</u>

are equally applicable here.

    The fact that Plaintiff may have proper venue for his original complaint under the

Privacy Act does not establish venue for the amended complaint in the District Court for the

District of Columbia.  "As a general rule, venue must be established for each cause of action."

<u>Al-Beshrawi v. Gutierrez</u>, 2005 U.S. Dist. LEXIS 35410, 5 (D.D.C. 2005) (<u>citing</u> <u>Lamont v.</u>

<u>Haig</u>, 590 F.2d 1124, 1135 (D.C. Cir. 1978)); <u>see</u> <u>also</u> <u>Kendrick v. Potter</u>, 2007 U.S. Dist. LEXIS

50880 (D.D.C., 2007).

### III.  ANALYSIS

    The District Court for the District of Columbia is not the proper venue for the new

claims in the amended complaint.

---

[2] The case was also brought under common law and international law.

The Title VII and Rehabilitation Act claims in the amended complaint are controlled by the specific venue statute for Title VII claims. The Plaintiff has failed to satisfy any of the preconditions for venue in this court under Title VII. The first factor under Title VII's venue involves the location where the events took place. Since the Plaintiff worked in Virginia, his supervisors and coworkers worked in Virginia, and the relevant records are in Virginia, it is clear that the events and decisions in question must have occurred in Virginia. The second factor for Title VII venue looks to where the employment records relevant to the case are maintained and administered. Again, these records are in Virginia. See Taylor, supra. The third Title VII venue factor relates to the district where the complainant would have worked but for the alleged unlawful employment practice; however, the Plaintiff has not alleged any change in work location to move venue out of Virginia. The final venue provision under Title VII would allow the Plaintiff to file in the district where the principle offices of the Defendant are located if none of the other preconditions can be satisfied. Not only does the Plaintiff meet the other preconditions for venue in the Eastern District of Virginia, the Defendant's offices are also located in that district.

With regard to the ADEA claim, the general venue requirements of 28 U.S.C. § 1391(e) apply to establish venue. It cannot be disputed that the Defendant Secretary of the United States Air Force has his principle office at the Pentagon in Arlington, Virginia, and the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred is in Virginia. Moreover, Plaintiff worked in Arlington, Virginia, and Plaintiff's supervisors and coworkers are located in Arlington, Virginia. Relevant records are in Arlington, Virginia. See Attachment 1.

Although plaintiff's current Privacy Act Claim claims are properly venued in this district, this Court should not assume pendent venue over the proposed employment claims. "[W]hen a plaintiff brings a Title VII action, which is covered by Title VII's restrictive venue provisions, as well as an action governed by the general venue provision, the narrower venue provision of §2000e-5(f)(3) controls." Munoz v. Elngland, 2006 WL 3361509 (D.D.C. 2006) (citing James v. Booz-Allen & Hamilton, Inc., 227 F.Supp.2d 16, 21 (D.D.C. 2002); Stebbins v. Nationwide Mut. Ins. Co., supra; Hayes v. RCA Serv. Co., 546 F.Supp. 661, 664-65 (D.D.C. 1982)). As the District Court noted in Jyachosky v. Winter, 2006 WL 1805607, 3 (D.D.C. 2006) , "[w]here . . , Congress has clearly limited the scope of venue, the court is compelled to abide by such restrictions." Id. (citing Bartel v. Fed. Aviation Admin., 617 F.Supp. 190, n. 33 (D.D.C. 1985)). Defendant submits that to do otherwise would be to circumvent the Title VII statute.

## IV.  CONCLUSION

WHEREFORE the Defendant prays this court to deny the plaintiff's motion to amend the complaint.

Respectfully submitted,

_____
/s/
JEFFREY A. TAYLOR , Bar # 498610
United States Attorney

_____
/s/
RUDOLPH CONTRERAS, Bar # 434122
Assistant United States Attorney

_____
/s/
CLAIRE WHITAKER, Bar # 354530
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **TRUMAN DEHAEMERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-0658 (CKK)** |
| | ) | |
| **MICHAEL W. WYNNE** | ) | |
| **Secretary, United States Department** | ) | |
| **of the Air Force,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

<u>ORDER</u>

Upon consideration of plaintiff's motion to amend his complaint to bring discrimination claims into this case, the opposition and reply thereto, it appearing that venue is not proper for these claims in the District of Columbia, and it appearing that such amendment would, thus, be futile, it is this _____ day of _____, 2007

ORDERED, that said motion is denied.

_____
UNITED STATES DISTRICT JUDGE