UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRUMAN DEHAEMERS,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   Civil Action No. 07-658<br>) |
| MICHAEL W. WYNNE.<br>    Defendant. | )<br>)<br>) |

**REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO ALLOW PLAINTIFF TO AMEND COMPLAINT,** *AND IN THE ALTERNATIVE,* **NOTICE OF WITHDRAWAL OF MOTION TO AMEND COMPLAINT**

The Plaintiff, Truman Dehamers, hereby replies to Defendants' Opposition to Motion to Allow Plaintiff to Amend Complaint on October 2, 2007, and hereby notices the withdrawal of his motion to amend his complaint filed on September 18, 207 in the event that this court does not find that the defense waived a claim of venue.

**REPLY TO DEFENDANTS' OPPOSITION TO MOTION
TO ALLOW PLAINTIFF TO AMEND COMPLAINT**

**I.   Introduction:**

The Defendant concedes that the Plaintiff's "current Privacy Act Claim claims are properly venued in this district, but argue that this Court should not assume pendent venue over the proposed employment claims." The justification for this position is apparently that the Agency wishes to defend two separate actions in two separate jurisdictions although it previously invited Plaintiff to include its amendments in the action in the District of Columbia. Judicial economy and estoppel suggest otherwise.

Under the Privacy Act, "[a]n action to enforce any liability created under this section may be brought … in the District of Columbia." 5 U.S.C. § 552a(g)(5)  But, the Defense argues that Plaintiff's Title VII, Rehabilitation Act and ADEA-based claims ("EEO

1

Claims"), claims raised in the amended complaint, and in fact, *the purpose* for the amended complaint, should not be accepted because the venue for these claims is proper in the Eastern District of Virginia, Alexandria Division.

## II.     Where is the Pentagon Located?

The basis for Defendant's venue argument is found in the EEO statutes specific venue provisions and upon previous findings by this court that the Pentagon lies in Virginia, and not Washington D.C.  This idea is not novel, See Donnell v. Nat'l Guard Bureau, 568 F.Supp. 93, 94-95 (D.D.C.1983) although there is some confusion on the issue since some it has been said that the Pentagon is located in Virginia for purposes of venue, but located in the District of Columbia for purposes of the Pentagon.  Saran v. Harvey, 2005 WL 1106347 (D.D.C. May 09, 2005)(unreported); Chance v. Dewitt Army Cmty Ctr., 2002 WL 1025029, *1 (D.D.C. Jan.28, 2002)(unreported). Assuming the Pentagon is determined to be a Virginia entity, the Defendant's argument on venue has some legal merit.

## III.    Waiver of Venue

However, the Defense waived a venue challenge in open court on September 6, 2007 when it requested that the Plaintiff file his EEO claims as an amendment to the Privacy Act case because the EEO claims arose from the same operative set of facts as the Privacy Act claims and because the Agency sought to address the case as a complete whole. The Court can take judicial notice of that fact on September 6, 2007, Plaintiff and Defendant's counsel, including Agency counsel, appeared at a scheduling conference ordered by the Court.  At that conference, the pending EEO Claims were explicitly raised by the Defendant, who requested that they be included as an amendment to the instant

suit at the earliest opportunity. The defense in effect, demanded that an amended complaint be filed *in this court.* This makes sense, since to do otherwise fractures the Plaintiff's claims and flies in the face of judicial economy.

Defendant also waived this venue argument in their Answer to the Complaint itself. In the Complaint, the Plaintiff alleged:

> "4. Plaintiff Truman DeHaemers : ("Plaintiff" or "Mr. DeHaemers") is a federal employee of the Department of the Air Force, serving as an Auditor, General Schedule [GS]-0511-14 with the Air Force Audit Agency, Pentagon, Washington, D.C. Mr. DeHaemers is a resident of the State of Virginia and a citizen of that state and the United States." See para. 4.

In its answer, the Defense admitted that the Air Force Audit Agency existed in Washington DC,

> " 4. This paragraph is admitted except to the extent that it avers plaintiff is a GS-14 employee. Defendant avers that plaintiff is a YA-03 employee in the National Security Personnel System (NSPS)."

As a result of the Defendant's representations, the Plaintiff expressly relied on counsel's representation and sought leave to amend the complaint to include the EEO Claims. The Plaintiff did so fully believing that such an amendment would be consented to by the Defense. Now the Defendant reverses itself and opposes the amendment! The Defendant should be estopped from such a reversal because the reliance is prejudicial to the Plaintiff and because the Defense's in court statements should be deemed as consent.

Indeed, the defense should not be rewarded for lulling Plaintiff into a belief that the entire case would be adjudicated before a Judge in this district, and have the Plaintiff expend substantial time and effort in reliance on the word of counsel only to now impose the burden of creating two separate actions, brought in two separate forums on the same operative set of facts.

As a result of the Defendant's actions, the Plaintiff abandoned his rights pursuant to 29 C.F.R § 1614 in the pending federal sector EEOC investigation of his matter, and his right to a trial before an EEOC judge, where the Plaintiff had already received favorable discovery rulings owing to Agency neglect, omission in responding to discovery filed by Plaintiff, and the unlawful dissemination of the Plaintiffs records.  (See DeHaemers v. Wynne, EEOC No. 570-2007-00011X, Agency No: 9L2W06004). Having filed in federal district court, the Plaintiff has abandoned his rights to pursue his claims on an administrative level.

This was done solely because the amendment was discussed *and proposed* by the Defense on September 6, 2007. Now, the Defense in about-face, opposes the amendment, thereby requiring the Plaintiff to maintain *two separate federal lawsuits in separate jurisdictions.*

Moreover, since the Defendant opposes the amendment of the complaint in the first instance, the matters cannot even be consolidated for a single trial *in Virginia.*  See e.g. Tony Al-Beshrawi V. U.S.A. (Civil Action No. 04-0743 (RCL)(July 29, 2005).

Under these circumstances, we believe the issue of venue can be left to the Court's discretion.[1]  To follow the Defendant's proposed course of action would fragment the Plaintiff's suit into two separate and simultaneous federal lawsuits, with the attendant increase in time and expense to all involved and to the Courts.

---

[1] Transfer to an alternative venue "is committed to the sound discretion of the trial court." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 237 (1981). According to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought."

### NOTICE OF WITHDRAWAL OF MOTION TO AMEND COMPLAINT

In the event that this court finds that the defense has *not waived* its objection to venue, the Plaintiff hereby notices his withdrawal of this motion to amend his complaint and wishes to proceed directly on the Privacy Act claims alone as was his initial intention.  The opposition filed, whether by design or oversight, has caused the Plaintiff to change his sequencing of claims and his choice of this forum.  Indeed whether by design or effect, the Defendant would seek to fragment the Plaintiffs claims or to forum shop the matter out of the District of Columbia.

### RELIEF REQUESTED

Plaintiff respectfully requests that this court find that the Defense waived its venue challenge.   If the court, however, declines to exercise it pendent jurisdiction over the amended complaint, then the Plaintiff will withdraw that amendment reserving the right to file the matter in Virginia at an appropriate time.

WHEREFORE, the Plaintiff respectfully requests that the Court permit amendment of this complaint and assert venue over the claims contained therein, and in the alternative, permit the Plaintiff to withdraw his motion to amend.

                                              Respectfully submitted,
                                              TRUMAN DEHAMERS
                                              By Counsel

WADE & BYRNES, P.C.

    /s/
_____
Kevin Byrnes, Esq., DC. Bar No. 480195
616 North Washington Street
Alexandria, Virginia 22314
(703) 836-9030
(703) 683-1543 (facsimile)
Counsel for Plaintiff Truman DeHaemers

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of October 2007, a true copy of the forgoing was mailed and faxed to:

Jeffrey A. Taylor  Esq., United States Attorney
Office of the U.S. Attorney - District of Columbia
Civil Division
501 3rd Street, 4th Floor
Washington, D.C. 20001
(202) 514-8780 (facsimile)

Rudolph Contreras, Esq., Assistant United States Attorney
Office of the U.S. Attorney - District of Columbia
Civil Division
501 3rd Street, 4th Floor
Washington, D.C. 20001
(202) 514-8780 (facsimile)

Claire Whitaker, Esq. Assistant United States Attorney
Office of the U.S. Attorney - District of Columbia
Civil Division
501 3rd Street, 4th Floor
Washington, D.C. 20001
(202) 514-8780 (facsimile)

/s/
Counsel