UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRUMAN DEHAEMERS,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL W. WYNNE,<br>Secretary, United States<br>Department of Air Force<br><br>    Defendant. | Civil Action No. 07-658 (CKK) |

**MEMORANDUM OPINION**
(November 29, 2007)

This matter comes before the Court on the Motion to Amend Complaint filed by Plaintiff Truman DeHaemers. Plaintiff seeks to amend his Complaint, which asserts claims under the Privacy Act, 5 U.S.C. § 552a, in order to add claims pursuant to the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 633a, *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* Defendant asserts that Plaintiff's proposed amendment would be futile because venue for the claims Plaintiff proposes to add does not lie in the District of Columbia. Upon a searching review of Plaintiff's Motion to Amend and proposed Amended Complaint, Defendant's Opposition, Plaintiff's Reply, the relevant statutes and case law, and the entire record herein, the Court concludes that Defendant has not waived, and is not judicially estopped from raising, an objection to venue with respect to Plaintiff's proposed additional claims. The Court further concludes that venue for Plaintiff's Rehabilitation Act and Title VII claims does not lie in the

District of Columbia, while venue for Plaintiff's ADEA claim may lie in the District of Columbia. As a portion of Plaintiff's proposed amendment would therefore be futile, the Court shall grant-in-part and deny-in-part Plaintiff's Motion to Amend.

In his Reply, Plaintiff states that if the Court determines that Defendant has not waived its objection to venue, Plaintiff wishes to withdraw his Motion to Amend and proceed on his Privacy Act claims before this Court. Nevertheless, because it appears that venue for all of Plaintiff's claims may be lie in the Eastern District of Virginia, the Court shall allow Plaintiff ten days, through and including December 14, 2007, in which to file Notice with the Court as to whether he intends to pursue his Privacy Act claims before this Court.

## I. BACKGROUND

Plaintiff filed his initial Complaint in this action on April 10, 2007, against Defendant, Michael W. Wynne, in his official capacity as Secretary of the United States Department of the Air Force (hereinafter "Defendant"), alleging violations of the Privacy Act, 5 U.S.C. § 552a, by various officials of the Air Force Audit Agency, Plaintiff's employer. Compl. ¶ 1. Plaintiff's Complaint alleges that his confidential medical and other personal information was wrongfully disclosed by Air Force personnel in connection with an administrative action he filed before the Equal Employment Opportunity Commission ("EEOC"). Defendant filed an answer to Plaintiff's original Complaint on July 16, 2007. On September 6, 2007, the Court held an Initial Scheduling Conference in this matter, with counsel for Plaintiff and Defendant in attendance. During that Conference, the issue of Plaintiff's pending claims before the EEOC arose, and the parties agreed that Defendant would amend his Complaint to add claims arising under Title VII and the Rehabilitation Act relating to the alleged unlawful disclosure of his confidential medical

records.

Plaintiff filed his Motion to Amend Complaint on September 18, 2007, along with a proposed Amended Complaint, which adds claims under the Rehabilitation Act, the ADEA, and Title VII of the Civil Rights Act of 1964 ("Title VII"). Specifically, Plaintiff alleges that various Air Force employees violated the Rehabilitation Act's requirements concerning confidential medical records, Am. Compl. ¶¶ 44-47, 95-100, 112-17, 129-34, 152-57, and that one employee's dissemination of Plaintiff's confidential medical records constituted retaliation in violation of the Rehabilitation Act, the ADEA, and Title VII, *id.* ¶¶ 72-83.

Like his initial Complaint, Plaintiff's Amended Complaint alleges that he is a resident of the State of Virginia and that he is employed as an Auditor with the "Air Force Audit Agency, Pentagon, Washington, D.C." Am. Compl. ¶ 7. Despite the latter assertion, the Amended Complaint also alleges that "[a]t all times relevant to this Complaint, [Plaintiff] has worked in Arlington, Virginia." *Id.* ¶ 11. This apparent contradiction is explained by the fact that the Pentagon has a Washington, D.C. mailing address, but is physically located in Arlington, Virginia. *See* Def.'s Opp'n at 2 n.1. Furthermore, according to the October 2, 2007 Declaration of Nancy M. Kirkpatrick submitted in support of Defendant's Opposition, Plaintiff works, and has worked for over ten years, in the Air Force Audit Agency office located in the Rosslyn neighborhood of Arlington, Virginia. *See* Def.'s Opp'n, Ex. 1 (10/2/07 Kirkpatrick Decl.) at 1.[1] Ms. Kirkpatrick's Declaration further asserts that the personnel records for civilian employees of the office in which Plaintiff works are located at the Pentagon, in Arlington, Virginia, and have

---

[1] Ms. Kirkpatrick's title is Human Resources Specialist (Labor Relations), Air Force District of Washington, Civilian Personnel Office. Kirkpatrick Decl. at 1.

been located there since the early 1990s. *Id.* Plaintiff does not contest these assertions in his Reply.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of right at any time before a responsive pleading is served. *See* Fed. R. Civ. P. 15(a). Once a responsive pleading is served, however, a party may amend its complaint only by leave of the court or by written consent of the adverse party. *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962). The grant or denial of leave to amend is committed to the sound discretion of the district court, *see Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996); however Rule 15 specifically provides that leave is to be "freely given when justice so requires," *id.*; *see also Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1083 (D.C. Cir. 1998). Indeed, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Nevertheless, the Court may deny as futile a motion to amend a complaint when the proposed complaint would not survive a motion to dismiss. *James Madison*, *Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996); *see also* 3 Moore's Federal Practice § 15.15[3] (3d ed. 2000) ("An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss.").

### III.  DISCUSSION

  *A.* *Defendant May Challenge Venue With Respect to Plaintiff's Proposed Additional Claims*

  As an initial matter, the Court addresses Plaintiff's argument that Defendant has waived, or is estopped from asserting, any challenge to venue with respect to Plaintiff's proposed claims under the Rehabilitation Act, Title VII, and the ADEA.  Plaintiff asserts that Defendant waived such a challenge when, during the Initial Scheduling Conference in this matter, Defendant "requested that Plaintiff file his EEO claims as an amendment to the Privacy Act case because the EEO claims arose from the same set of operative facts as the Privacy Act claims and because the Agency sought to address the case as a complete whole."  Pl.'s Reply at 2.  Plaintiff also asserts that Defendant waived his venue argument in his Answer to Plaintiff's Original Complaint by admitting Plaintiff's assertion that Plaintiff is employed by "the Air Force Audit Agency, Pentagon, Washington, D.C."  *Id.* at 3.  Under Federal Rule of Civil Procedure 12(h)(1), a defense of improper venue is waived unless asserted by a pre-answer motion under Rule 12(b) or in a responsive pleading.  Fed. R. Civ. P. 12(h)(1); *see also Chatman-Bey v. Thornburgh*, 864 F.2d 804, 813 (D.C. Cir. 1988) (en banc).  In addition, because venue is a "personal privilege," it "may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct."  *Freeman v. Bee Mach. Co.*, 319 U.S. 448, 453 (1943).

  Defendant has complied with Rule 12(h)(1) by "seasonably" asserting his defense of improper venue with respect to Plaintiff's proposed additional claims at the first available opportunity.  Furthermore, the Court cannot conclude that Defendant waived the defense of improper venue "by submission through conduct" in suggesting that Plaintiff add his additional

claims to his Privacy Act claim. To the contrary, Plaintiff's description of the Initial Scheduling Conference in this matter is inaccurate. The Court has reviewed the record of that Conference, and notes that it was Plaintiff's counsel–not Defendant–who initially raised the issue of amending Plaintiff's Complaint. While defense counsel certainly suggested that Defendant was unlikely to oppose Plaintiff's proposed amendment, she also noted that Defendant would need to review Plaintiff's proposed amendment before making a conclusive determination. Significantly, the proper venue for Plaintiff's additional claims was not raised by either party during the Initial Scheduling Conference and so the issue was never waived. Rather, it appears that Defendant discovered the defense of improper venue upon analyzing Plaintiff's proposed Amended Complaint, and promptly raised an objection to venue in his Opposition to Plaintiff's Motion to Amend. Nor does the Court conclude that Defendant waived a defense of improper venue with respect to Plaintiff's proposed additional claims by admitting the allegation in Plaintiff's original Complaint that he is employed by the Air Force Audit Agency, Pentagon, Washington, D.C. Indeed, that allegation appears to be factually correct because the Pentagon has a Washington, D.C. mailing address. *See* Def.'s Opp'n at 2 n.1. Furthermore, as discussed below, venue over Plaintiff's Privacy Act claim is clearly proper in the District of Columbia under 5 U.S.C. § 552a(g)(5), and does not turn on the issue of where Defendant "resides" or has his "principal office"–questions that are key to determining venue for Plaintiff's proposed additional claims.

      In addition to arguing that Defendant has formally waived a venue challenge, Plaintiff appears to suggest that Defendant should be judicially estopped from asserting such a challenge because "Plaintiff expressly relied on [defense] counsel's representations" at the Initial Scheduling Conference, and the "reliance is prejudicial to the Plaintiff," who abandoned his

rights to pursue his proposed additional claims on an administrative level" by filing his EEO claims in federal court as an amendment to his Privacy Act claim. Pl.'s Reply at 3-4. As the Supreme Court has explained, the rule of judicial estoppel aims at "'protect[ing] the integrity of the judicial process' by 'prohibiting parties from deliberately changing positions according to the exigencies of the moment.'" *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (internal citations omitted). Judicial estoppel "is an equitable doctrine invoked by a court at its discretion." *Id.* at 750 (citation omitted). While not establishing an "exhaustive formula for determining the applicability of judicial estoppel," the Supreme Court has suggested factors that "typically inform the decision whether to apply the doctrine in a particular case." *Id.* at 750-51. These include: (1) whether a party's later position is "clearly inconsistent" with its earlier position; (2) whether the party succeeded in persuading a court to accept its earlier position, creating a risk of inconsistent court determinations; and (3) whether the party seeking to assert the inconsistent position would derive an unfair benefit or impose an unfair detriment on its opponent. *Id.*

The application of these factors to the instant case demonstrate that Defendant should not be estopped from raising his venue challenge to Plaintiff's proposed additional claims. First, Defendant's current position is his first with respect to the proper venue for Plaintiff's proposed additional claims, and is therefore not "clearly inconsistent" with any prior position. Second, this Court has not accepted any party's position as to venue for Plaintiff's proposed claims. Third, the impact of Defendant's venue challenge is that both parties may be required to address Plaintiff's claims in two separate lawsuits–a situation that is equally disadvantageous for both. Finally, as to Plaintiff's argument that he detrimentally relied on defense counsel's

representations in abandoning his administrative claims, as discussed below, venue for each of Plaintiff's proposed additional claims appears to lie in the Eastern District of Virginia. Thus, insofar as Plaintiff wishes to pursue those claims, he may do so by bringing a second action in that jurisdiction.[2] Moreover, as further discussed below, to the extent that venue for all of Plaintiff's claims (including his Privacy Act claim) may lie in the Eastern District of Virginia, it appears that Plaintiff may pursue a single comprehensive action there by transferring the Privacy Act claim filed in this Court and amending it to include his other claims once transferred.[3]

      B.      *The Merits of Defendant's Venue Challenge*

The Court now turns to the merits of Defendant's venue challenge. For the reasons set forth below, it appears that Defendant is correct that Plaintiff's proposed amendment would be largely futile because venue over his Rehabilitation Act and Title VII claims does not lie in the District of Columbia. In contrast, it is unclear whether venue for Plaintiff's proposed ADEA claim properly lies in the District of Columbia, while venue for Plaintiff's Privacy Act claim properly lies in the District of Columbia as well as the Eastern District of Virginia.

      1.      *Venue Under the Rehabilitation Act and Title VII*

Venue for Title VII actions is governed by the particular venue provision contained in 42 U.S.C. § 2000e-5(f)(3). *See Saran v. Harvey*, No. Civ. A. 04-1847, 2005 WL 1106347, at * 2

---

[2] In addition, the Court notes that unless and until the Court grants Plaintiff leave to amend his Complaint, he has not actually filed his Rehabilitation Act, ADEA, or Title VII claims with this Court. As such, unless Plaintiff has withdrawn his claims before the EEOC–a fact that is not clear on the record before the Court–Plaintiff may still be able to pursue his claims administratively.

[3] The Court notes that the parties would not be significantly prejudiced by the addition of claims in this action, as they have just commenced with discovery.

(D.D.C. May 9, 2005). Title VII's venue provision also applies to claims brought under the Rehabilitation Act. *See Beaird v. Gonzales*, 495 F. Supp. 2d 81, 84 n.3 (D.D.C. 2007) (citing *Bolar v. Frank*, 938 F.2d 377, 379 (2d Cir. 1991) (citing, *inter alia*, *Archuleta v. Sullivan*, 725 F. Supp. 602, 604 (D.D.C. 1989))). Under 42 U.S.C. § 2000e-5(f)(3), venue for Plaintiff's Rehabilitation Act and Title VII claims is proper where (1) the Air Force's alleged retaliation or improper dissemination of records occurred; (2) the employment records relevant to the Air Force's actions are maintained and administered; (3) Plaintiff would have worked but for the Air Force's alleged actions; or, only if the Air Force cannot be found in any of those districts, (4) where the Air Force has its principal office. 42 U.S.C. § 2000e-5(f)(3).

This provision clearly dictates that venue for Plaintiff's Rehabilitation Act and Title VII claims lies in the Eastern District of Virginia. Specifically, Plaintiff's Rehabilitation Act and Title VII claims allege that Air Force officials improperly disseminated Plaintiff's confidential medical records, and that one official did so in retaliation for Plaintiff's identifying that individual as a discriminatory actor and noticing his deposition in Plaintiff's EEOC action. It thus appears that the Air Force's alleged improper dissemination and retaliation occurred at the Air Force Agency Office in Arlington, Virginia. Furthermore, Ms. Kirkpatrick's Declaration establishes that any relevant employment records are maintained and administered in Arlington, Virginia, and that Plaintiff would have worked in Arlington, Virginia but for the Air Force's alleged actions (and in fact continues to do so). *See* Kirkpatrick Decl. at 1.

Moreover, venue for Plaintiff's Rehabilitation Act and Title VII claims is also improper in the District of Columbia under the fourth prong of the Title VII venue provision because that provision "permits venue to be laid where the respondent has his principal office only if the

respondent is not found within any of the other districts covered by the statute." *Lee v. England*, No. Civ. A. 02-2521, 2004 WL 764441, *1 (D.D.C. Mar. 9, 2004); *Mackey v. Sullivan*, Civ. A. No. 90-00007, 1991 WL 128510, *2 (D.D.C. Mar. 28, 1991) (citing *Archuleta*, 725 F. Supp. at 604-05). As the Pentagon is physically located in Arlington, Virginia, Defendant is clearly "found" in the judicial district dictated by the first three prongs of the Title VII venue provision. Plaintiff therefore cannot rely on the fourth prong of the Title VII venue provision to claim that venue lies in the District of Columbia. Rather, venue for Plaintiff's Rehabilitation Act and Title VII claims properly lies in the Eastern District of Virginia. As such, the Court agrees with Defendant that it would be futile to allow Plaintiff to amend his Complaint to add claims under the Rehabilitation Act and Title VII.

    2. *Venue Under the ADEA*

  In contrast, the ADEA does not contain a special provision, rather venue for Plaintiff's ADEA claim is governed by the general venue statute for claims against officers of agencies of the United States acting in their official capacities, 28 U.S.C. § 1391(e).[4] Under that provision, venue for Plaintiff's ADEA claim is proper (1) where the Air Force resides, (2) where a substantial part of the events giving rise to the action occurred, or (3) where Plaintiff resides. 28 U.S.C. § 1391(e). For the reasons discussed above, and because Plaintiff's Amended Complaint alleges that he is a resident of Virginia, the second and third prongs of Section 1391(e) clearly dictate that venue for Plaintiff's ADEA claim lies in the Eastern District of Virginia. Defendant asserts that the first prong likewise restricts venue for Plaintiff's ADEA claim to the Eastern

---

[4] Plaintiff's Amended Complaint asserts that venue is governed by 28 U.S.C. § 1391(b), which addresses civil actions wherein jurisdiction is not founded on diversity; however, the appropriate venue provision is Section 1391(e).

10

District of Virginia, because the Secretary of the Air Force has his principal office at the Pentagon, which is physically located in Arlington, Virginia. Def.'s Opp'n at 4. Defendant further asserts that the Pentagon's Washington, D.C. mailing address is irrelevant for purposes of determining venue, citing to *Saran*, an ADEA case in which Judge John D. Bates determined that the Secretary of the Army resides in Arlington, Virginia notwithstanding a telephone directory that places his office in Washington, D.C. *Id.*; *see also Saran*, 2005 WL 1106347, at * 2, *4.

However, the cases on which *Saran* relies, *Chance v. Dewitt Army Community Center*, 2002 WL 1025029 (D.D.C. Jan. 28, 2002), and *Donnell v. National Guard Bureau*, 568 F. Supp. 93 (D.D.C. 1983), involved a determination as to where the military defendant's "principal office" was located for purposes of the fourth prong of the Title VII venue provision, rather than a determination of where a military defendant "resides" for purposes of Section 1391(e). In the latter situation, courts in this District have concluded that "[o]fficers and agencies of the United States can have more than one residence, and venue can properly lie in more than one jurisdiction." *Jyachosky v. Winter*, No. Civ. A. 04-01733, 2006 WL 1805607, * 4 (D.D.C. Jun. 29, 2006) (citation omitted) (finding that venue for plaintiff's ADEA claim against the Secretary of the Navy could lie in the District of Columbia). "When an officer of agency head performs a 'significant amount' of his or her official duties in the District of Columbia, the District of Columbia is a proper place for venue." *Id.* (citing *Bartman v. Cheney*, 827 F. Supp. 1, 1 (D.D.C. 1983)); *see also Smith v. Dalton*, 927 F. Supp. 1, 5-6 (D.D.C. 1996) (holding that the Secretary of the Navy may be sued in his official capacity in either the Eastern District of Virginia or the District of Columbia). While the record before the Court is devoid of information as to whether the Secretary of the Air Force performs a "significant amount" of his official duties in the District

11

of Columbia, based on case law, it appears that venue for Plaintiff's ADEA claim might be proper in either the District of Columbia or the Eastern District of Virginia. Plaintiff's proposed amendment is therefore not futile insofar as it alleges a claim under the ADEA.

       3.       *Venue for Plaintiff's Privacy Act Claim Lies in the District of Columbia*

Finally, under 5 U.S.C. § 552a(g)(5), a Privacy Act claim may be brought where Plaintiff "resides, or has his principal place of business, or [where] the agency records are situated, or in the District of Columbia." 5 U.S.C. § 552a(g)(5). As such, and as Defendant admits, Plaintiff's Privacy Act claims are properly venued in this District. Nevertheless, this Court does not assume pendent venue over Plaintiff's Rehabilitation Act and Title VII claims because the authority in this Circuit indicates that when a plaintiff brings a Title VII action, which is covered by Title VII's restrictive venue provision, as well as an action governed by the general venue provision, the narrower venue provision of § 2000e-5(f)(3) controls. *See James v. Booz-Allen & Hamilton, Inc.*, 227 F. Supp. 2d 16, 21 (D.D.C. 2002); *Stebbins v. Nationwide Mut. Ins.* Co., 757 F. 2d 364, 367 (D.C. Cir. 1985) (where venue is improper under Title VII, 28 U.S.C. § 1391 does not provide an additional place of venue); *Hayes v. RCA Serv. Co.* 546 F. Supp. 661, 664-65 (D.D.C. 1982) (plaintiff must bring discrimination claims under 42 U.S.C. § 1981 (governed by general venue provision) and Title VII where venue lies under 42 U.S.C. § 2000e-5(f)(3)).

As such, if Plaintiff chooses to pursue his Privacy Act claim in this Court, it appears that at least his Rehabilitation Act and Title VII claims must be pursued in a separate action in the Eastern District of Virginia. Plaintiff's Reply states that "[i]n the event that this court finds that the defense has *not waived* its objection to venue, the Plaintiff . . . wishes to proceed directly on the Privacy Act claims alone . . . [and to] reserv[e] the right to file the matter in Virginia at an

appropriate time." Pl.'s Reply at 5 (emphasis added). Nevertheless, as the maintenance of two separate actions relating to the same events flies in the face of judicial economy, the Court notes that it appears Plaintiff's claims may be pursued in a single action. Based on the record currently before the Court, venue for Plaintiff's Privacy Act claim may be equally appropriate in the Eastern District of Virginia under 5 U.S.C. § 552a(g)(5) because Plaintiff resides in that district and the agency records at issue are located at the Pentagon, in Arlington, Virginia. While Plaintiff asserts that his claims cannot be consolidated in a single claim in Virginia "since the Defendant opposes the amendment of the complaint in the first instance," *id.* at 4, Defendant's Opposition does not actually suggest that Defendant is opposed to addressing all of Plaintiff's claims in a single action, but simply argues that venue for some of those claims does not lie in this jurisdiction. In contrast, for the reasons set forth above, it appears that venue for all of Plaintiff's claims may properly lie in the Eastern District of Virginia. Moreover, it appears that Plaintiff could pursue a single action in that jurisdiction either by seeking a dismissal without prejudice of his Privacy Act claim, or by moving this Court to transfer his Privacy Act claim to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Amend is granted-in-part and denied-in-part. Specifically, Plaintiff may amend his Complaint to add claims under the ADEA, but may not add claims under either the Rehabilitation Act or Title VII, as venue for such claims does not lie in the District of Columbia. Furthermore, as it appears that venue for all of Plaintiff's proposed claims may lie in the Eastern District of Virginia, on or before December 14, 2007, Plaintiff shall file Notice with the Court as to whether he wishes to pursue his Privacy Act

claim before this Court.  An appropriate Order accompanies this Memorandum Opinion.

Date:   November 29, 2007

                                              _/s/_
                                              COLLEEN KOLLAR-KOTELLY
                                              United States District Judge