UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRUMAN DEHAEMERS,        ) | |
| )                         | |
| Plaintiff,                ) | |
| )                         | |
| v.                        ) | Civil Action No. 07-0658 (CKK) |
| )                         | |
| MICHAEL W. WYNNE          ) | |
| Secretary, United States Department ) | |
| of the Air Force,         ) | |
| )                         | |
| Defendant.                ) | |
| )                         | |

**DEFENDANT'S WITHDRAWAL OF CONSENT TO
MOTION TO EXTEND TO DISCOVERY - Docket #27**

Defendant hereby withdraws his consent to the motion filed March 3, 2008, by defendant on behalf of the parties, to extend the discovery period in this case. Docket Entry # 27. Discovery closes on March 7, 2008. Defendant no longer consents to the motion and now opposes any extension of time or the rescheduling of the mediation set for March 7, 2008. As the following discussion shows, Defendant's understanding of the purposes of the enlargement differs substantially from Plaintiff's as reflected in the attached facsimile transmittals.

Before the close of discovery, Defendant properly noted Plaintiff's deposition. That deposition was noted for March 6, 2008, at 10:00 am. Because Plaintiff's counsel represented that he was unavailable for Plaintiff's deposition on March 6, 2008, and because Defendant had not yet received responses to his interrogatories, requests for admissions, and request for production of documents served on Plaintiff's counsel on February 1, 2008, Defendant agreed to a joint extension of the discovery period. This extension was fostered by Defendant's belief that Plaintiff's discovery to Defendant was virtually completed as Defendant's responses to

Plaintiff's written discovery were received by Plaintiff in December and early January 2008, and there had been no communication between the parties concerning these responses or the need for depositions for over two months. Indeed, Plaintiff took several depositions during the administrative proceeding and has engaged in extensive written discovery.

However, after the parties had agreed on the language of the motion to extend but before it was filed or granted, Plaintiff transmitted two facsimiles to Defendant's counsel primarily assigned to this case. One of them complained about the adequacy of the written discovery responses and the other scheduled the depositions of ten government witnesses, one of which is a Fed. R. Civ. P. 30(b)(6) witnesses. Given the several areas that Plaintiff now wishes to explore, the Fed. R. Civ. P. 30(b)(6) designations may result in Plaintiff taking more than fifteen depositions in all which is clearly beyond the scope of the discovery rules. Indeed, the magnitude of the discovery Plaintiff now is greater than in a typical Privacy Act case.

Because Plaintiff did not voice any objections to Defendant's discovery responses until immediately before discovery closes, and because Plaintiff noted the depositions of more than ten witnesses even before the Court ruled on the motion to extend, without justification for not raising the matters sooner, he should not be rewarded by Defendant's acquiescence.

Moreover, Defendant submits that he is entitled to receive responses to written discovery and to reschedule Plaintiff's deposition without the need to extend the discovery period. It was only as a courtesy to Plaintiff's counsel that Defendant agreed to extend the period, which courtesy has not been shown in return.

For the foregoing reasons, Defendant withdraws Docket Entry # 27 and his consent to any motion to extend discovery.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

# Grad, Logan & Klewans, P.C.

3141 Fairview Park Drive, Suite 350
Falls Church, VA 22042
703-548-8400
Fax: 703-836-6289

## FACSIMILE TRANSMISSION

DATE:    March 3, 2008

TO:    Claire Whitaker
       Assistant U.S. Attorney

FAX NO.:    (202) 514-8780

FROM:    Kevin Byrnes

FAX NO.:    (703) 836-6289

NUMBER OF PAGES INCLUDING COVER: 5

RE:    <u>Truman DeHaemers vs. Michael W. Wynne</u> – Notice of Depositions

If you do not receive all pages listed above, please call 703-535-5384, and ask for Suzanne.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRUMAN DEHAEMERS, )
    Plaintiff, )
  )
v. ) Civil Action No. 1:07-cv-00658-CKK
  )
MICHAEL W. WYNNE, )
    Defendant. )

## NOTICE OF DEPOSITIONS

Comes now the Plaintiff, Truman DeHaemers, by and through counsel, and pursuant to Fed. R. Civ. Proc. 30 hereby requests that the following persons appear at the stated dates, time and location to be examined orally, by means of audio tape and video recordation, under oath, and to give sworn testimony on the matters put to them:

| | |
|---|---|
| Brenda Biggs | Thursday, April 3, 2008, at 10:00 a.m. |
| Adam Cook | Thursday, April 3, 2008, at 2:00 p.m. |
| Cathlynn (Sparks) Novel | Friday, April 4, 2008, at 10:00 a.m. |
| Deborah Jeffries | Friday, April 4, 2008, at 2:00 p.m. |
| Gerald Kleeman | Wednesday, April 9, 2008, at 10:00 a.m. |
| Michael Barbino | Wednesday, April 9, 2008, at 2:00 p.m. |
| Natalee Hafner | Thursday, April 10, 2008, at 10:00 a.m. |
| Kay Cole | Friday, April 11, 2008, at 10:00 a.m. |
| Agency 30(b)(6) Witness | Friday, April 11, 2008, at 2:00 p.m. |
| Kevin Bremby | Monday, April 14, 2008, at 10:00 a.m. |

The depositions will take place at the Grad, Logan & Klewans, P.C., 3141 Fairview Park Drive, Suite 350, Falls Church, VA 22042; telephone - 703-548-8400. Said depositions shall be taken day to day until concluded.

The "Agency Witness" listed above is the equivalent of a witness pursuant to Federal Rules of Civil Procedure 30(b)(6) to act as a designate for the Agency to testify to matters:

a) Document retention and distribution policies.

b) Agency policies and procedures regarding the collection, maintenance, safeguarding and distribution of records pertaining to employees under the Privacy Act, the Freedom of Information and the Equal Employment Opportunity Complaint processing guidelines.

c) Agency policies and procedures utilized in the collection, maintenance, segregation, safeguarding or distribution of any document, writing or record submitted by, created about or otherwise pertaining to Truman DeHaemers or any claim raised by Mr. DeHaemers in this suit or his administrative EEO filing.

d) Policies, procedures, directives, manuals or evidence of training, given to employees in the Department of the Air Force, the 11th Wing or in the section in which Mr. DeHaemers was assigned.

e) Policies, procedures or information pertaining to Mr. DeHaemers' chain of command.

f) Agency policies, procedures or directives on collecting, maintaining, segregating or disseminating information pertaining to the mental health, physical condition and/or medical background of any employee.

g) Policies, procedures and directives provided to judge advocates of the Air Force on handling civil litigation or EEO matters or which involve the preparation or presentation of any testimony by a possible witness in an EEO or civil proceeding.

2

 h) Policies, procedures or directives concerning discrimination, retaliation or reprisal in the workplace under Title VII, the Rehabilitation Act of 1973 and/or the Age Discrimination in Employment Act.

 i) Policies, procedures and directives regarding the ability of employees to maintain records of other employees in their supervision.

 j) Policies, procedures and directives given to attorneys, judge advocates or witnesses to any EEOC proceedings.

 k) Policies, procedures and directives that were given to any of the deponents identified in this notice on any of the issues identified above.

 l) Policies and procedures regarding the receipt of certified mail, and the receipt, processing or response to Privacy Act requests.

Respectfully submitted,

TRUMAN DeHAEMERS
*Plaintiff by Counsel*

GRAD, LOGAN & KLEWANS, P.C.

_____
Kevin Byrnes, DC. Bar #480195
3141 Fairview Park Drive, Suite 350
Falls Church, VA 22042
Telephone: 703-548-8400
Facsimile: 703-836-6289
Email: kbyrnes@glklawyers.com
*Counsel for Plaintiff*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March, 2008, a true copy of the forgoing was mailed and faxed to:

Claire Whitaker, Esq. Assistant United States Attorney
Office of the U.S. Attorney - District of Columbia
Civil Division
501 3rd Street, 4th Floor
Washington, D.C. 20001
Telephone: (202) 514-7137
Facsimile: (202) 514-8780
Email: claire.whitaker@usdoj.gov

_____
Counsel

# Grad, Logan & Klewans, P.C.

3141 Fairview Park Drive, Suite 350
Falls Church, VA 22042
703-548-8400
Fax: 703-836-6289

# **FACSIMILE TRANSMISSION**

DATE:         March 3, 2008

TO:           Claire Whitaker
              Assistant U.S. Attorney

FAX NO.:      (202) 514-8780

FROM:         Kevin Byrnes

FAX NO.:      (703) 836-6289

NUMBER OF PAGES INCLUDING COVER:  5

RE:   **Truman DeHaemers vs. Michael W. Wynne** – **Meet and Confer Letter re Discovery**

If you do not receive all pages listed above, please call 703-535-5384, and ask for Suzanne.

LAW OFFICES
# GRAD, LOGAN & KLEWANS, P.C.
SUITE 350
3141 FAIRVIEW PARK DRIVE
FALLS CHURCH, VIRGINIA 22042

TELEPHONE
(703) 548-8400
FACSIMILE
(703) 836-6289

E-MAIL
glklawyers@glklawyers.com
WEBSITE
WWW.GLKLAWYERS.COM

March 3, 2008

**Via U.S. Mail and Facsimile – 202-514-8780**
Claire Whitaker, Assistant U.S. Attorney
Office of U.S. Attorney – District of Columbia
Civil Division
501 3rd Street, 4th Floor
Washington, DC 20001

Re:   Truman DeHaemers vs. Michael W. Wynne

Dear Ms. Whitaker:

    We are writing to discuss several outstanding discovery issues in the above-referenced case and in an effort to avoid the necessity of seeking assistance from the court. We ask that you respond to our "meet and confer" attempt and supplement matters as appropriate.

    On November 21, 2007, the Plaintiff submitted his First Request for interrogatories, First Request for Production and First Request for Admissions. The Defendant responded to each request on January 14, 2008 (without verification of service). The responses were attested to by John Pellett.

## INTERROGATORIES:

    Interrogatory No. 4: We are uncertain whether the Agency claims the dissemination of the DeHaemers medical information and the EEO Report of Investigation by and between Adam Cook, Michael Barbino, Cathlynn (Sparks) Novell, Gerald Kleeman, Brenda Biggs and others was authorized. As this is the central issue in this case and the interrogatory requests identification of facts, authorities and documents related to the dissemination of the Report of Investigation, we need to know whether you contend such disclosures were authorized.

Claire Whitaker
Assistant U.S. Attorney
March 3, 2008
Page 2

**REQUESTS FOR ADMISSIONS**:

While Plaintiff takes exception to many of the denials, we are particularly concerned with those for paragraphs 89-92. Please admit or deny that my client consented or did not consent to the release of his medical information. Further, we are concerned about the claim that Defendant is further investigating this matter or that you claim "inferential consent." As to any "investigation," please supplement your interrogatory and production responses to address any newly discovered facts, witnesses or documents. With respect to the Requests for Admission, we think it inappropriate to "explain" the answer so as to avoid a denial or admission. Please answer these inquiries.

Request for Admission No. 153: Please admit or deny the request.

Requests for Admission Nos. 163, 167 and 168: Please admit or deny the request. The facts that there is a transcript at a deposition is not a basis for refusing to answer.

Request for Admission No. 175: The request is specific and draws attention to a specific record; please admit or deny the request.

Request for Admission No. 176: The request is specific and draws attention to a specific record; please admit or deny the request.

**DOCUMENT PRODUCTION:**

General Objections: These objections are inappropriate objections and the privacy interests of employees are not grounds for denying a request. If you are withholding documents pending the need for a protective order, we will sign any reasonable agreement. Finally, since the Agency is by law the depository of the records in question, any contention that such records are not in the possession, custody or control of the Agency is at odds with the facts.

Production Demand Nos. 1, 2, and 3: The answer is equivocal. What do you mean that you have "no present knowledge?" Do you have responsive documents or have you had them, and they have been destroyed or lost?

Production Demand No. 7: Please state whether you have obtained the records or determined they do not exist. The Agency has had sufficient time to comply with our request.

Production Demand No. 8: We are uncertain what you mean by your answer, and you throw it back on Plaintiff to determine what he has received. Please produce the records.

Production Demand No. 9: See our position on Request No. 7.

Production Demand No. 10: See our position on Request No. 8.

Claire Whitaker
Assistant U.S. Attorney
March 3, 2008
Page 3

    Production Demand No. 11: The objection is not well placed as these employees are not entitled to obtain advice from a judge advocate. Please supplement your answer.

    Production Demand No. 13: See our position with respect to Request No. 8.

    Production Demand No. 15: Case law is legion on the fact that the Privacy Act is not a bar to production of employee records in litigation. However, if you wish to submit a reasonable protective order on the issue, we will sign it.

    Production Demand No. 17: We adopt our position to request No. 7.

    Production Demand No. 18: Do you have responsive records? You may produce records to answer an interrogatory, but the converse it not true and non-responsive.

    Production Demand No. 24: See our position in response to Request 18.

    Production Demand No. 36: You need to answer the request definitively as to whether or not documents exist.

    Production Demand No. 39: This is non-responsive. We want documents in their original electronic format; and it is insufficient to claim that we have received documents in a prior non-judicial matter.

    Production Demand No. 40: Please produce the records. The position that we need authorization from my client, where it is clear that I represent him in this matter, is inappropriate.

    Production Demand No. 41: Please supplement the response.

    We requested and wish to receive all discovery in its original electronic format. Particularly with respect to electronic mail messages, we want to be able to track changes, alterations and deletions. Please produce such records.

    While it is not necessarily a discovery issue, we are troubled that despite proof of mailing to the Air Force of Mr. DeHaemer's Privacy Act request, which by the way you now have in any case, the Agency continues to both deny that it received the request and then fails to fulfill it. We know of no authority that relieves the Air Force of complying at this time with the merits of the request simply because suit was filed.

Claire Whitaker
Assistant U.S. Attorney
March 3, 2008
Page 4

Additionally, we are troubled that many of the denials raised in responses to Plaintiff's Requests for Admission fly in the face of previously sworn testimony.

Sincerely,

Kevin Byrnes

KB/sp
cc: Truman DeHaemers