UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRUMAN DEHAEMERS,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 1:07-cv-00658-CKK |
| | ) |
| MICHAEL W. WYNNE.<br>    Defendant. | )<br>)<br>) |

### MOTION IN OPPOSITION TO DEFENDANT'S WITHDRAWAL
### OF CONSENT MOTION; REQUEST FOR SANCTIONS

Comes now the Plaintiff, Truman DeHaemers, by and through counsel, and hereby requests that the Court deny Defendant's request to "withdraw" its consent motion and that the Court impose sanctions under Rules 11 and 37 of the Federal Rules of Civil Procedure for Defendant's bad faith filing. As grounds for this motion, Plaintiff states as follows:

1. The reasons for the parties seeking a continuance of discovery are fully set forth in the consent motion and need not be regurgitated here. Needless to say, neither side conducted or will conduct depositions within the initially scheduled discovery period.

2. On February 26, 2008, counsel for the Defendant served a notice of deposition on Plaintiff's counsel, seeking to depose Mr. DeHaemers on March 6, 2008. Defendant counsel, despite having Plaintiff counsel's email address and telephone number, made no attempt to contact Plaintiff's counsel in advance. Indeed, Defendant's counsel scheduled her deposition on the day prior to both the initial discovery cutoff and the Court-scheduled mediation in this case.

3. In addition to the above, Defendant's counsel, despite prior notice of a change of address by Plaintiff's counsel, served the Defendant's First Set of Interrogatories and Production Requests on Plaintiff counsel's former office on the very day Plaintiff's counsel had begun moving to his new office space.

4. On February 28, 2008, Plaintiff called Defendant's counsel to discuss discovery and a need for continuance. Additionally, Plaintiff emailed Defendant's counsel (see Exhibit 1) and asked to change the date due to an existing conflict.

5. Not only did Defendant's counsel agree to the change, Defendant's counsel agreed to submit a joint consent request for a continuance on behalf of the parties (see Exhibit 2).

6. On March 3, 2008, Defendant filed a consent motion that had been reviewed and amended by Plaintiff's counsel to cement the agreed upon terms.

7. Separately, Plaintiff's counsel requested Defendant's counsel send him by electronic means or otherwise Defendant's discovery. That understanding was reflected in the Consent Motion, and Defendant's counsel placed language concerning the fact that the mailing to Plaintiff's counsel was sent to his old firm address.

8. On March 3, 2008, Plaintiff's counsel, in order to clarify any further discovery issues, sent a "meet and confer" letter to Defendant's counsel and a set of proposed deposition dates. That meet and confer is an exhibit to Defendant's withdrawal request.

9. Defendant's counsel reacted to the letter by calling Plaintiff's counsel and accusing counsel of intemperate behavior and abuse of discovery. Ms. Whitaker attacked Plaintiff counsel's motives for bringing suit and suggested that seeking the number of depositions requested or requesting clarification of outstanding discovery was somehow inappropriate.

10. In the conversation of March 4, 2008, Ms. Whitaker called the undersigned and stated she was "reversing" herself on the consent motion as punishment for counsel identifying deponents and sending the meet and confer letter.

11. Ms. Whitaker raised a repeated and specious argument that Plaintiff's counsel was forcing the Government to agree to an excessive number of depositions and that Plaintiff counsel's letter of March 3, 2008, was incendiary.

12. As to the first claim, Plaintiff counsel's notification of potential deponents lists only those individuals within the Agency who collected, maintained, disseminated or received the records at issue in this Privacy Act claim. Plaintiff's counsel believes all such persons are "party witnesses;" and, thus, the limitations cited by Defendant's counsel were inapplicable and, frankly, not relevant. Further, Defendant is free to object to the depositions on numerosity grounds.

13. As to the second claim, Plaintiff counsel's letter was temperate in tone and specifically addressed the concerns counsel had to specific responses by the government. Many of the requests for supplementation sought to have the Agency explain answers that Plaintiff believed were equivocal or which varied from prior responses. The letter is also included in the Defendant's motion to withdraw consent.

14. Prior to filing the response, Plaintiff's counsel implored Defendant's counsel to both honor her word and her agreement to allow an extension of discovery which was beneficial to both sides. Plaintiff also asked Defendant not to file this motion

15. In an attempt to resolve the case, Plaintiff's counsel, in discussions with Defendant's counsel, agreed to hold the previously scheduled March 7, 2008, mediation and did consent to simply calling the Court to request that that portion of the Consent Motion be amended.

16. Defendant's counsel, however, insisted that it would only hold the mediation if the Plaintiff would agree to have the request for an extension of the discovery period withdrawn.

In essence, Defendant's counsel, now recognizing a tactical advantage at mediation of not agreeing to continue discovery, reversed herself and negated her own written word.

17. This is not the first instance Plaintiff's counsel has relied on the word of the Defendant's counsel to his detriment. As the Court is aware, Plaintiff amended his complaint at the invitation of Ms. Whitaker, only to have her then object to that amendment on forum grounds.

18. The latest reversal, replete with a verbal attack on Plaintiff's counsel and his motives, is simply a retaliatory submission which seeks to punish Plaintiff for seeking clarification of existing discovery (which would not be affected by the discovery cutoff in any event) and for Plaintiff serving deposition notices in the period of the extension agreed to by the Defendant's counsel.

19. Plaintiff's counsel is dismayed that Defendant counsel's word is not her bond and that she believes that she can grant and then negate consent. Such tactics wreak havoc on informal resolution of litigation issues and increase the cost and burden to the litigants and the Court.

20. Defendant has no legitimate basis for this motion and should shoulder the burden of a disingenuous filing designed to now secure last minute tactical advantage. Unlike the previous reversal, which at least had basis in law, even if it was less than appropriate, this latest switch is unconscionable and should be sanctioned. Otherwise, the Government, in particular, will be encouraged not to keep their word and will repeat such conduct for tactical advantage.

Respectfully submitted,

TRUMAN DeHAEMERS
*Plaintiff by Counsel*

GRAD, LOGAN & KLEWANS, P.C.

_____/s/ Kevin Byrnes_____
Kevin Byrnes, DC Bar #480195
3141 Fairview Park Drive, Suite 350
Falls Church, VA 22042
Firm Telephone: 703-548-8400
Direct Line: 703-535-5393
Facsimile: 703-836-6289
Email: kbyrnes@glklawyers.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of March, 2008, a true copy of the foregoing Motion in Opposition to Defendant's Withdrawal of Consent Motion; Request for Sanctions was delivered by filing and entering the same upon the electronic court filing website of the United States District Court of the District of Columbia, to the attention of Defendant's counsel, as follows:

Claire Whitaker, Esq. Assistant United States Attorney
Office of the U.S. Attorney - District of Columbia
Civil Division
501 3rd Street, 4th Floor
Washington, D.C. 20001
Telephone: (202) 514-7137
Facsimile: (202) 514-8780
Email: claire.whitaker@usdoj.gov
*Counsel for Defendant*

_____/s/ Kevin Byrnes_____
Kevin Byrnes, DC Bar # 480195
GRAD, LOGAN & KLEWANS, P.C.
3141 Fairview Park Drive, Suite 350
Falls Church, VA 22042
Firm Telephone: 703-548-8400
Direct Line: 703-535-5393
Facsimile: 703-836-6289
Email: kbyrnes@glklawyers.com
*Counsel for Plaintiff*

**Kevin Byrnes**

---

**From:** Whitaker, Claire (USADC) [Claire.Whitaker@usdoj.gov]
**Sent:** Friday, February 29, 2008 7:23 PM
**To:** Kevin Byrnes
**Subject:** RE:

Been out most of the day. I'll file a 45-day extension on Monday. Talk to you then. claire

---

**From:** Kevin Byrnes [mailto:kbyrnes@glklawyers.com]
**Sent:** Friday, February 29, 2008 1:46 PM
**To:** Whitaker, Claire (USADC)
**Subject:** RE:

I have no problem with 45 extension. Any hope on settlement? I will check on discovery. Can you email it to me in word? Did you send it to the new firm? Call me when you get a chance so we can discuss.

Sincerely,

Kevin Byrnes
Grad, Logan & Klewans
3141 Fairview Park Drive
Falls Church, VA 22042
Direct (703) 535-5393
Fax (703) 836-6289

---

**From:** Whitaker, Claire (USADC) [mailto:Claire.Whitaker@usdoj.gov]
**Sent:** Friday, February 29, 2008 12:56 PM
**To:** Kevin Byrnes
**Subject:** RE:

Hi Kevin,

Thanks for the note. I have no problem putting the deposition off? However, as discovery ends on 3/7, we must ask the court for an extension, how about another 45-60 days? Also, we have a date with MJ Kay on Friday. What do you want to do about that? Change it pending the end of an extended discovery period? Have you had a chance to respond to our discovery yet? I assumed I'd get the responses before the 3/6 deposition. Let me know.

Claire
202-514-7137

---

**From:** Kevin Byrnes [mailto:kbyrnes@glklawyers.com]
**Sent:** Thursday, February 28, 2008 6:28 PM
**To:** Whitaker, Claire (USADC)
**Subject:**

Claire I am unavailable on March 6, 2008 and that month overall looks bad. I was in the process of selecting dates and identifying deponents myself and want to coordinate dates with you. I was thinking the first two weeks in April is good. I also have a meet and confer letter coming your way on outstanding discovery.

Sincerely,


Exhibit 1

3/4/2008

Kevin Byrnes
Grad, Logan & Klewans
3141 Fairview Park Drive
Falls Church, VA 22042
Direct (703) 535-5393
Fax  (703) 836-6289

3/4/2008

# Kevin Byrnes

| | |
|---|---|
| **From:** | Whitaker, Claire (USADC) [Claire.Whitaker@usdoj.gov] |
| **Sent:** | Monday, March 03, 2008 3:04 PM |
| **To:** | Kevin Byrnes |
| **Subject:** | RE: Motion to Extend Discovery - here are my suggestions |
| **Attachments:** | deheamers consent motion to continue (2).doc; moet po 30308.doc |

Thanks Kevin, I made one change and added the order. Do you want to file it or shall I file it? We need to do it today as she has the 4-day rule on motions.

The change to the motion is this phrase:

"which involves a fair number of Agency witnesses and **on which Plaintiff needs** to coordinate with the defense."    (see attached moet)

What does "fair number" mean?

---

**From:** Kevin Byrnes [mailto:kbyrnes@glklawyers.com]
**Sent:** Monday, March 03, 2008 2:36 PM
**To:** Whitaker, Claire (USADC)
**Subject:** RE: Motion to Extend Discovery - here are my suggestions

I think these explain the delay a little better and I would prefer to continue the mediation until discovery is done.

Sincerely,

Kevin Byrnes
Grad, Logan & Klewans
3141 Fairview Park Drive
Falls Church, VA 22042
Direct (703) 535-5393
Fax  (703) 836-6289

---

**From:** Whitaker, Claire (USADC) [mailto:Claire.Whitaker@usdoj.gov]
**Sent:** Monday, March 03, 2008 11:52 AM
**To:** Kevin Byrnes
**Subject:** RE: Motion to Extend Discovery - Is the attached ok with you?

See attached draft.

---

**From:** Kevin Byrnes [mailto:kbyrnes@glklawyers.com]
**Sent:** Monday, March 03, 2008 10:00 AM
**To:** Whitaker, Claire (USADC)
**Subject:** RE:

Thanks!

Sincerely,

*Exhibit 2*

Kevin Byrnes
Grad, Logan & Klewans
3141 Fairview Park Drive
Falls Church, VA 22042
Direct (703) 535-5393
Fax  (703) 836-6289

---

**From:** Whitaker, Claire (USADC) [mailto:Claire.Whitaker@usdoj.gov]
**Sent:** Friday, February 29, 2008 7:23 PM
**To:** Kevin Byrnes
**Subject:** RE:

Been out most of the day.  I'll file a 45-day extension on Monday.  Talk to you then.  claire

---

**From:** Kevin Byrnes [mailto:kbyrnes@glklawyers.com]
**Sent:** Friday, February 29, 2008 1:46 PM
**To:** Whitaker, Claire (USADC)
**Subject:** RE:

I have no problem with 45 extension. Any hope on settlement? I will check on discovery. Can you email it to me in word? Did you send it to the new firm? Call me when you get a chance so we can discuss.

Sincerely,

Kevin Byrnes
Grad, Logan & Klewans
3141 Fairview Park Drive
Falls Church, VA 22042
Direct (703) 535-5393
Fax  (703) 836-6289

---

**From:** Whitaker, Claire (USADC) [mailto:Claire.Whitaker@usdoj.gov]
**Sent:** Friday, February 29, 2008 12:56 PM
**To:** Kevin Byrnes
**Subject:** RE:

Hi Kevin,

Thanks for the note.  I have no problem putting the deposition off?  However, as discovery ends on 3/7, we must ask the court for an extension, how about another 45-60 days?  Also, we have a date with MJ Kay on Friday.  What do you want to do about that?  Change it pending the end of an extended discovery period?  Have you had a chance to respond to our discovery yet?  I assumed I'd get the responses before the 3/6 deposition.  Let me know.

Claire
202-514-7137

---

**From:** Kevin Byrnes [mailto:kbyrnes@glklawyers.com]
**Sent:** Thursday, February 28, 2008 6:28 PM
**To:** Whitaker, Claire (USADC)
**Subject:**

Claire I am unavailable on March 6, 2008 and that month overall looks bad. I was in the process of selecting dates and identifying deponents myself and want to coordinate dates with you. I was thinking the first two weeks in April is good. I also have a meet and confer letter coming your way on outstanding discovery.

Sincerely,

Kevin Byrnes
Grad, Logan & Klewans
3141 Fairview Park Drive
Falls Church, VA 22042
Direct (703) 535-5393
Fax (703) 836-6289