UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRUMAN DEHAEMERS,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL W. WYNNE,<br>Secretary, United States<br>Department of Air Force<br><br>    Defendant. | Civil Action No. 07-658 (CKK) |

**ORDER**
(March 5, 2008)

The Court has reviewed the parties' [27] Consent Motion for Extension of Discovery Period, Defendant's [28] Withdrawal of Consent to Motion to Extend Discovery, and Plaintiff's [29] Motion in Opposition to Defendant's Withdrawal of Consent Motion and Request for Sanctions. It appears from the parties' filings that counsel for both parties have been delinquent in conducting discovery in this action: defense counsel waited until a week and a half before the scheduled close of discovery to notice Plaintiff's deposition; a week before the scheduled close of discovery, Plaintiff's counsel had not yet noticed the ten depositions he intended to take in April (a month after the scheduled close of discovery); and neither party took care to ensure that written discovery was requested and responded to within the discovery period set by the Court. The parties erroneously state that discovery in this case was delayed pending resolution of jurisdictional motions related to Plaintiff's proposed amended complaint. In fact, although the issue of Plaintiff's motion to amend was raised at the Initial Scheduling Conference, neither party requested that the Court delay discovery until after resolution of that motion, or actually sought

an extension of the Court-ordered discovery period in light of Plaintiff's motion to amend. Instead, counsel for both sides appear to have granted themselves a stay while the Court resolved that motion. Furthermore, in failing to notice depositions until four days before the scheduled close of discovery, and anticipating that he could schedule depositions beyond that discovery period, Plaintiff's counsel appears to have assumed that the Court would grant whatever discovery extension he sought.

The parties' Consent Motion sought to extend discovery in this action through April 21, 2008. Defendant has since withdrawn his consent to that motion, on the grounds that Plaintiff has taken advantage of Defendant's consent by belatedly noticing ten depositions and complaining about the adequacy of Defendant's discovery response. The grounds for Defendant's withdrawal, however, is unclear because defense counsel admits that Plaintiff's counsel sent her facsimiles noticing the depositions and complaining about Defendant's discovery response *before* she filed the Consent Motion. In addition, Plaintiff asks the Court to impose sanctions in response to Defendant's withdrawal of consent, despite the fact that Plaintiff's counsel himself apparently made virtually no efforts to complete discovery within the Court-ordered period.

Accordingly, it is this 5th day of March, 2008, hereby

**ORDERED** that the parties' [27] Consent Motion for Extension of Discovery Period is GRANTED-IN-PART and DENIED-IN-PART. The Court shall not grant the parties' request for an extension through April 21, 2008. At present, the Court shall extend the discovery period in this case through March 10, 2008; it is further

**ORDERED** that, in light of the fact that counsel for both parties have thus far failed to coordinate and plan for discovery in this action, on or before March 10, 2008, the parties shall

jointly file a discovery plan, setting forth the discovery they propose to conduct prior to March 31, 2008.  After reviewing the parties' joint discovery plan, the Court shall consider whether to extend discovery through that date.  The Court is not now extending discovery through March 31, 2008; however, as discovery is extended through March 10, 2008, the parties shall continue their discovery in this action pending their filing of their joint discovery plan, and the Court's review of that plan; it is further

**ORDERED** that Plaintiff's [29] Motion in Opposition to Defendant's Withdrawal of Consent Motion and Request for Sanctions is DENIED.

**SO ORDERED**.

_/s/_
COLLEEN KOLLAR-KOTELLY
United States District Judge