UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRUMAN DEHAEMERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-0658 (CKK) |
| ) | |
| MICHAEL W. WYNNE ) | |
| Secretary, United States Department ) | |
| of the Air Force, ) | |
| ) | |
| Defendant. ) | |

## STIPULATION OF SETTLEMENT AND DISMISSAL

Truman DeHaemers and Michael W. Wynne, Secretary, U.S. Department of the Secretary of the U.S. Department of the Air Force ("Air Force") hereby stipulate and agree by and through their respective undersigned attorneys to settle and compromise the above-captioned Privacy Act, 5 U.S.C. 552a et seq, action, or any other action that he could have pursued in this case, under the terms and conditions set forth in this Stipulation of Settlement and Dismissal. In settlement of this matter:

1. The Air Force will pay Mr. DeHaemers a lump sum of $50,000.

2. The Air Force agrees to sending a notice to all individuals who received or distributed a copy of the Report of Investigation ("ROI") in DeHaemers v. Wynne, Agency No. 9L2W06004; EEOC No. 570-2007-0011X, other than EEO officials and Legal officers, to advise them to destroy the ROI or return it to Agency Counsel listed below. In addition, to the extent that any of these individuals have maintained files relating to Mr. DeHaemers' claims in this matter, the notice will advise them to destroy those files or return them to Agency Counsel.

Employees will be further advised not to discuss or disseminate information pertaining to Mr. DeHaemers's allegations in his complaint against the Agency or the Agency's responses thereto and not to discuss any information they have obtained from the ROI as to Mr. DeHaemers's mental or physical health except when so authorized by the Agency itself. The notice will contain an admonishment to these individuals regarding a failure to comply with the terms of this paragraph. The specific language of the notice shall be agreed to between the parties and shall be incorporated as part of this settlement.

3. This agreement is in full, final and complete settlement of all the Plaintiff's claims and damages, including, but not limited to, actual damages, compensatory damages, attorney's fees, expenses and costs that Plaintiff may have incurred related to the above-captioned case and any prior administrative proceedings. Defendant shall make the lump sum payment of $50,000.00 from the Judgment Fund, Department of the Treasury, via wire transfer and made payable to Kevin Byrnes, Esq., GRAD, LOGAN & KLEWANS, P.C. Payment shall be made as promptly as practicable consistent with the normal processing procedures followed by the U.S. Department of Justice and the U.S. Department of the Treasury.

4. Plaintiff fully understands and acknowledges that payment of any and all Federal, State or local taxes on all amounts remitted hereunder are the responsibility of Plaintiff and/or his attorney.

5. This Stipulation represents the full and complete satisfaction, settlement and discharge of all claims, demands, and causes of action arising from the allegations set forth in the complaint filed in this action, including any and all claims brought or that could have been brought by Plaintiff in any administrative or judicial forum as of the date of the execution of this

Agreement and including full and complete satisfaction of all claims for costs and attorneys' fees that have been or could be made in this case, including any and all fees and costs incurred in connection with the administrative process, the District Court litigation process, mediation, and any other proceedings involving the claims raised in this action.

6. By this Stipulation, Plaintiff waives, releases and abandons any and all claims against Defendant, its officials, agents, or employees whether past or present, alleged or that could have been alleged by the Plaintiff regarding any claims against the Air Force, to date.

7. This Stipulation does not constitute an admission of wrongdoing, liability, or any violation of Federal, State or local statute or regulation on the part of the United States, the Air Force, and its officers, agents or employees.

8. The parties and their counsel acknowledge that they fully understand and voluntarily agree to the terms of this Stipulation. The Plaintiff represents and agrees that he has thoroughly discussed all aspects of this Stipulation with his attorney, that he has carefully read and fully understands all of the provisions of this Stipulation, and that he is voluntarily entering into this Stipulation.

9. This Stipulation will be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

10. The parties agree that this Stipulation shall not be used as evidence or otherwise in any pending or future civil or administrative action against the Air Force, any other agency or instrumentality of the United States, except in an action to enforce this Stipulation or to establish the terms thereof.

11. This Stipulation sets forth the entire understanding of the parties. All understandings have been incorporated into the terms of this Stipulation. No statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their counsel which are not included herein shall be of any force or effect. No variations from the terms and conditions hereof will be permitted except pursuant to a written amendment executed by the duly authorized representatives of both parties.

12. This action is hereby dismissed with prejudice, except that the Court shall have jurisdiction to resolve a claim of non-compliance with the terms of the Stipulation. This agreement shall be incorporated into the Court's dismissal and any violation of its terms may be presented to the Court for enforcement and any other equitable or legal remedial action not inconsistent with the terms of this Settlement Agreement.

/s/ _____
TRUMAN DEHAEMERS
Plaintiff

Dated: April 15, 2008

/s/ _____
KEVIN BYRNES, Esq. #480195
GRAD, LOGAN & KLEWANS, P.C.
3141 Fairview Park Drive, Suite 350
Alexandria, Virginia 22314
703-535-5393

Attorney for Plaintiff

Dated: 4/15/2008

Respectfully submitted,

/s/ _____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/ _____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/ _____
CLAIRE M. WHITAKER, #354530
Assistant United States Attorney
555 4th St., N.W., Room E-4204
Washington, D.C. 20530
202-514-7137

Attorneys for Defendant

Dated:_____ 2008

JOHN M. PELLETT, Agency Counsel
Deputy Chief, Information Litigation Branch
General Litigation Division
Air Force Legal Operations Agency
1501 Wilson Blvd., 7th Floor
Arlington VA 22209-2401

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

this _____ day of _____, 2008.

The lawsuit brought by Mr. Truman DeHaemers against the Air Force under the Privacy Act has been resolved.

As part of the resolution, the Air Force agreed to send a notice to all individuals who received a copy of the Report of Investigation, including its attachments ("ROI"), in Mr. DeHaemers' Equal Employment Opportunity ("EEO") complaint against the Air Force, other than EEO officials and legal officers, advising them to destroy the ROI or return it to Agency Counsel, Mr. John Pellett.

In addition, if any of those individuals have maintained files relating to Mr. DeHaemers' claims in this matter, those files also should be destroyed or returned to Agency Counsel. If the ROI or other files are destroyed, Agency Counsel should be notified of the destruction and the approximate date of destruction if it has already occurred.

Individuals who received a copy of the ROI in Mr. DeHaemers' EEO complaint are cautioned not to comment on facts contained in the files described above, on Mr. DeHaemers' allegations, or on any Air Force response to them outside of their official duties.

Individuals who received a copy of the ROI in Mr. DeHaemers' EEO complaint are cautioned not to discuss or otherwise disseminate any information they learned from the ROI, including any information concerning Mr. DeHaemers' physical or mental health or any medical history of Mr. DeHaemers, except where authorized to do so by the Agency.

Individuals who received a copy of the ROI in Mr. DeHaemers' EEO complaint are cautioned that additional litigation may result if they fail to destroy the files described above or, in the alternative, return them to Agency Counsel, or if they comment on the facts contained in the files described above, the allegations raised by Mr. DeHaemers, or the Air Force response to these allegations, except where such comments are part of their official duties.